UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IN THE MATTER OF A PETITION FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782 BY<br><br>MACQUARIE BANK LIMITED,<br><br>Petitioner. | Case No. 2:14-cv-0797-GMN-NJK<br><br>ORDER |

Pending before the Court is Petitioner's *ex parte* application for an order pursuant to 28 U.S.C. § 1782 to conduct discovery for use in proceedings in The Netherlands. *See* Docket No. 1. For the reasons explained below, Petitioner is **ORDERED** to file a supplement to the petition no later than May 30, 2014.

I. **STATUTORY REQUIREMENTS**

One of the statutory requirements for § 1782 relief is that the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made. *See, e.g.*, *In re Bayer AG*, 146 F.3d 188, 193 (3d Cir. 1998). A *prima facie* showing on that requirement suffices. *See, e.g., In re Republic of Ecuador*, 2010 WL 3702427, *3 (N.D. Cal. Sept. 15, 2010). Parties often meet that burden by presenting evidence from their investigation showing the person's residence or presence in the district. *See id.*; *see also In re Application of Ontario Principals' Council*, 2013 WL 6844545, *3 (E.D. Cal. Dec. 3, 2013). In the pending *ex parte* application, Petitioner attempts to make a *prima facie* showing on this element through a statement in a declaration of their counsel indicating that "[i]n the Ma-Juno Proceeding, Ma has stated that he currently resides in Las Vegas, Nevada." *See*

Rumora-Scheltema Decl. ¶ 17. No details are provided regarding this statement, including when it was made, in what context it was made, and whether it was made under oath. Nor is a transcript or court filing evidencing this statement provided. The application and declaration appear to provide no other evidence of Mr. Ma's residency.

The Court at this time expresses no opinion as to whether the current record is sufficient to make a *prima facie* showing that Mr. Ma resides in this District. Nonetheless, Petitioner is hereby **ORDERED** to file, no later than May 30, 2014, a supplement providing authority and/or further explanation why the current record is sufficient on this requirement. Petitioner may also file, no later than May 30, 2014, supplemental evidence showing that Mr. Ma does indeed reside in this District.

## II. DISCRETIONARY FACTORS

The Supreme Court has indicated that district courts are not required to grant a § 1782 application simply because the statutory requirements are met. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). Instead, the Supreme Court outlined additional discretionary factors that district courts should consider when ruling on a § 1782 application. *See Ontario Principals' Council*, 2013 WL 6844545, at *2 (summarizing four factors). Petitioner contends that "all of the discretionary *Intel* factors weigh in favor of allowing the discovery to be sought." Docket No. 1 at 11. But Petitioner's brief does not contain explicit discussion of the relevant factors. *See id.* at 11-12 ("argument" section). As such, Petitioner is hereby **ORDERED** to file, no later than May 30, 2014, a supplement separately addressing each of the discretionary factors.

IT IS SO ORDERED.

DATED: May 23, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge

2