1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

10

**DISTRICT OF NEVADA**

11

12  IN THE MATTER OF A PETITION FOR          )
    JUDICIAL ASSISTANCE PURSUANT TO          )    Case No. 2:14-cv-0797-GMN-NJK
    28 U.S.C. § 1782 BY                      )

13                                           )    ORDER GRANTING *EX PARTE*
    MACQUARIE BANK LIMITED,                  )    PETITION

14                                           )
                Petitioner.                  )    (Docket No. 1)

15  _____ )

16          Pending before the Court is Petitioner Macquarie Bank Limited's *ex parte* petition for an order

17  pursuant to 28 U.S.C. § 1782 to conduct discovery for use in proceedings in the Netherlands.  *See*

18  Docket No. 1.  On May 23, 2014, the Court ordered Petitioner to provide supplemental materials.

19  Docket No. 5.  The Court has now received those supplemental filings from Petitioner in support of its

20  request.  *See* Docket Nos. 6-7.  The Court finds the pending petition properly resolved without oral

21  argument.  *See* Local Rule 78-2.  For the reasons discussed more fully below, the petition is hereby

22  **GRANTED**.

23  **I.      BACKGROUND**

24          There are three relevant actions pending in the District Court of Amsterdam, the Netherlands,

25  as well as another contemplated action in the Netherlands.  *See, e.g.*, Rumora-Scheltema Decl. ¶ 2

26  (Docket No. 1).  Sherman Ching Ma ("Ma") is a corporate officer of some of the parties to those actions,

27  and Petitioner asserts that he appears to direct and control their activities.  *See, e.g., id.* at  ¶¶ 5-6, 17.

28  Mr. Ma himself is also a party to one of the pending actions.  *See id.* at ¶ 14.  Petitioner seeks to

subpoena Mr. Ma for the taking of his deposition and the production of documents.  *See, e.g.*, Mills Decl. Exhs. 1, 2 (Docket No. 1) (proposed subpoenas).  Pending before the Court is Petitioner's request for an order authorizing the issuance of those subpoenas pursuant to § 1782.

## II.   *EX PARTE* FILING OF PETITION

As an initial matter, the Court notes that Petitioner seeks relief from the Court on an *ex parte* basis.  *Ex parte* requests are disfavored and generally limited to emergency situations because such requests disrupt the adversarial system on which the Court generally operates.  *See, e.g.*, *In re Intermagnetics America, Inc.*, 101 B.R. 191, 192-193 (C.D. Cal. 1989).  Nonetheless, § 1782 petitions are frequently reviewed on an *ex parte* basis.  *See In re Republic of Ecuador*, 2010 WL 3702427, *2 (N.D. Cal. Sept. 15, 2010).  The resulting order provides only that discovery is authorized, *see In re Letter of Request from Supreme Court of Hong Kong*, 138 F.R.D. 27, 32 n.6 (S.D.N.Y.1991), so concerns regarding any unfairness of granting the petition *ex parte* are alleviated by the fact that the opposing party may raise objections and exercise its due process rights by challenging the discovery after it is issued, *see In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976).  In short, "[a]n *ex parte* application is an acceptable method for seeking discovery pursuant to § 1782."  *In re Roebers*, 2012 WL 2862122, *2 (N.D. Cal. July 11, 2012).  Accordingly, the Court finds the pending petition properly decided on an *ex parte* basis.

## III.   ANALYSIS

A court is authorized to issue an order pursuant to § 1782 once the enumerated statutory requirements have been satisfied.  *See, e.g.*, *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83-84 (2d Cir. 2004).  Even where those statutory requirements have been satisfied, however, the Court is not required to grant the § 1782 petition.  *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004).  Instead, it analyzes several discretionary factors to determine whether the discovery sought should be allowed.  *See id.* at 264-65.  The Court addresses the statutory requirements and discretionary factors in turn below.

A.      STATUTORY REQUIREMENTS

Section 1782 provides in relevant part that:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a).  Pursuant to this statutory language, this Court is authorized to grant a § 1782 application where a *prima facie* showing is made that (1) the person from whom discovery is sought resides or is found in this District, (2) the discovery is for use in a proceeding before a foreign or international tribunal, and (3) the application is made by a foreign or international tribunal or any interested person. *See In re Application of Ontario Principals' Council*, 2013 WL 6844545, *2 (E.D. Cal. Dec. 23, 2013) (quoting *In re Bayer AG*, 146 F.3d 188, 193 (3d Cir. 1998)).  The Court finds that each of these statutory requirements is met in this case.

First, Petitioner has presented evidence that Mr. Ma resides in this District, both in the form of his assertions in relation to the litigation in the Netherlands and public records in Nevada.  *See* Suppl. Rumora-Scheltema Decl. ¶¶ 2-4, Exhs. 1-3 (Docket No. 6-2); Suppl. Mills Decl. ¶¶ 3-4, Exhs. 1-2 (Docket Nos. 6-1, 7).  Second, the discovery is sought for use in pending and prospective actions in the District Court of Amsterdam, the Netherlands.  *See, e.g.*, Rumora-Scheltema Decl. ¶ 19.  Third, Petitioner is a party to the proceedings in the Netherlands, *see id.* at ¶¶ 8-14, and therefore qualifies as an "interested person," *see Intel*, 542 U.S. at 256.  Accordingly, the Court finds the statutory requirements to grant § 1782 relief are satisfied.

B.      DISCRETIONARY FACTORS

Courts are not required to grant a § 1782 application simply because the statutory requirements are met.  *See Intel*, 542 U.S. at 264.  The Court has broad discretion in deciding whether to grant discovery under § 1782.  *Four Pillars Enterps. Co. v. Avery Dennison Corp.*, 308 F.3d 1075, 1078 (9th Cir. 2002).  The Supreme Court outlined the discretionary factors that district courts should consider when ruling on a § 1782 application:

(1) whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent Section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court jurisdictional assistance; (3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests.

*Republic of Ecuador*, 2010 WL 3702427, at *2. "[D]istrict courts must exercise their discretion under § 1782 in light of the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts . . . ." *Schmitz*, 376 F.3d at 84 (quoting *In re Metallgesellschaft AG*, 121 F.3d 77, 79 (2d Cir. 1997)). The Court finds that the discretionary factors militate in favor of granting the petition in this case.

First, the Court analyzes whether the material sought is within the foreign tribunal's jurisdictional reach. Petitioner argues that even though Ma is a party to the litigation in the Netherlands, the applicable discovery rules are more limited than provided by the discovery rules applicable here. *See* Docket No. 6 at 4. Petitioner argues that it is unlikely the Dutch courts are able to order the discovery sought here. In support of that argument, Petitioner submitted the declaration of an experienced Dutch litigator explaining the limitations to discovery under the Dutch civil code system generally and difficulties in obtaining the discovery in the specific cases at issue there. *See* Rumora-Scheltema Suppl. Decl. ¶¶ 5-12. Where the foreign tribunal's procedural rules may not allow for the discovery sought, this factor militates in favor of granting § 1782 relief. *See In re Servicio Pan Americano de Proteccion, C.A.*, 354 F. Supp. 2d 269, 274 (S.D.N.Y. 2004).

Second, the Court analyzes the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign court. "[T]he Amsterdam District Court is, like this court, a court of first resort in the Netherlands. Further, it appears that the courts in the Netherlands have been historically receptive to requests for assistance by the United States." *In re Qwest Comm's Int'l Inc.*, 2008 WL 2741111, *5 (W.D.N.C. July 10, 2008) (internal citation omitted); *see also In re Duizendstraal*, 1997 WL 195443, *2 (N.D. Tex. Apr. 16, 1997) (discussing Dutch case law exhibiting receptivity to U.S. judicial assistance). This factor also militates in favor of granting § 1782 relief.

4

1     Third, the Court analyzes whether the pending request is an attempt to circumvent foreign proof-

2  gathering restrictions.  As noted above, the applicable discovery rules in the Netherlands are more

3  limited than those applicable in this Court.  Nonetheless, Dutch courts have expressly ruled that parties

4  there may rely on § 1782 petitions in this country as a lawful means of obtaining discovery.  *See*

5  *Duizendstraal*, 1997 WL 195443, *2 (quoting ruling in parallel Dutch proceeding in which the party

6  opposing a § 1782 petition sought an injunction by the Dutch courts).  Where foreign countries have

7  adopted limited discovery rules but allow parties to use broader discovery obtained pursuant to § 1782,

8  this factor militates in favor of granting § 1782 relief.  *See Servicio Pan Americano*, 354 F. Supp. 2d at

9  274-75.

10     Fourth, the Court analyzes whether the subpoenas contain unduly intrusive or burdensome

11  requests.  The proper scope of discovery arising out of a § 1782 application is generally determined by

12  the Federal Rules of Civil Procedure.  *See, e.g.*, *Government of Ghana v. ProEnergy Servs., LLC*, 677

13  F.3d 340, 343 (8th Cir. 2012); *see also In re Letters Rogatory From Tokyo Dist. Prosecutor's Office*,

14  16 F.3d 1016, 1019 (9th Cir. 1994) (unless the court order otherwise specifies, the Federal Rules of Civil

15  Procedure apply).  Petitioner argues that the central issue in the Dutch litigation is Mr. Ma's role in

16  transferring Juno's assets, burdening it with antecedent debt and otherwise thwarting its efforts to

17  enforce its judgment. Docket No. 6 at 6.  At this stage, the Court is satisfied that Petitioner has made

18  a *prima facie* showing that the information sought has some relevance to the Dutch litigation.

19  Nonetheless, Mr. Ma is not precluded from challenging the subpoenas once issued as being unduly

20  burdensome, irrelevant or overly broad.  *See, e.g.*, *Republic of Ecuador*, 2010 WL 3702427, at *5.

21  **III.    CONCLUSION**

22     For the reasons discussed more fully above, Petitioner's *ex parte* petition for an order pursuant

23  to 28 U.S.C. § 1782 is hereby **GRANTED**.

24     IT IS SO ORDERED.

25     DATED:  June 4, 2014.

26

27     _____
       NANCY J. KOPPE
28     United States Magistrate Judge

5