**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IN THE MATTER OF A PETITION FOR ) | |
| JUDICIAL ASSISTANCE PURSUANT TO ) | |
| 28 U.S.C. § 1782 BY ) | Case No.: 2:14-cv-00797-GMN-NJK |
| ) | |
| MACQUARIE BANK LIMITED, ) | **ORDER** |
| ) | |
| Petitioner. ) | |
| ) | |

Pending before the Court is a Motion to Reconsider (ECF No. 36) filed by Petitioner

Macquarie Bank Limited ("Petitioner") in response to Magistrate Judge Nancy J. Koppe's

Order Denying Petitioner's Motion to Compel (ECF No. 35).  Respondent Sherman Ching Ma

("Respondent") filed a Response (ECF No. 37), and Petitioner filed a Reply (ECF No. 42).

Petitioner also filed a Motion for Leave to Supplement Reply (ECF No. 44), which the Court

hereby **GRANTS.**  However, for the reasons provided below, Petitioner's Motion to

Reconsider is **DENIED**.

I.      **BACKGROUND**

The matter presently before the Court arises from a lengthy and complex legal dispute,

which, at the relevant times, took place in a Netherlands District Court.  Petitioner, an

Australian company, lent Juno Holdings N.V. ("Juno"), at the time a Netherlands Antilles

company, but later a Luxembourg company, approximately $11,000,000 in anticipation of a

possible initial public offering of shares in Juno's indirect subsidiary, Liberty Financial Pty Ltd.

("Liberty Financial"), an Australian company. (First Rumora-Scheltema Decl. ¶¶ 4–7, ECF No.

1).  Juno failed to repay Petitioner the money it had borrowed after Petitioner's demand,

leading Petitioner to sue Juno in the Netherlands Antilles for return of the debt. (*Id.* at ¶ 8).  As

1    a result of the suit in the Netherlands Antilles, Petitioner obtained a judgment against Juno.

2    (*Id.*).

3         Petitioner attempted to collect on the aforementioned judgment through obtaining an

4    attachment to Juno's shares in another one of Juno's subsidiaries, Jupiter Holdings B.V.

5    ("Jupiter"), a Dutch company. (*Id.* at ¶ 9–10).  This attachment was based on Petitioner's belief

6    that Jupiter owned shares of Minerva Financial Group Pty Ltd. ("Minerva"), an Australian

7    company, and that Minerva ultimately owned Liberty, whose anticipated initial public offering

8    was the reason Petitioner originally lent Juno approximately $11,000,000. (*Id.*).

9         The District Court of Amsterdam granted Petitioner's request for an order to sell and

10   transfer Juno's shares in Jupiter. (*Id.* at ¶¶ 10–11).  In an apparent attempt to aid the discovery

11   taking place in the Amsterdam District Court, Petitioner requested this Court permit it to

12   conduct discovery pursuant to 28 U.S.C. § 1782. (Ex Parte Petition to Conduct Discovery, ECF

13   No. 1).  Specifically, Petitioner sought document production and a deposition from Respondent,

14   premised on Petitioner's belief that, because Respondent is the director of Juno, Jupiter,

15   Minerva, and Liberty, amongst other companies, Respondent controls or directs the activities of

16   these companies. (First Rumora-Scheltema Decl. at ¶¶ 5, 17).  Petitioner served Respondent

17   with subpoenas authorized by the Court. (Proof of Service, ECF No. 14-5).  Petitioner then

18   filed a Motion to Compel Respondent to provide Petitioner with the subpoenaed discovery, to

19   which Respondent objected. (*See* Mot. to Compel, ECF No. 14; *see also* Resp. to Mot. to

20   Compel, ECF No. 21).  Judge Koppe ultimately denied Petitioner's Motion to Compel on May

21   28, 2015. (Order Denying Mot. to Compel, ECF No. 35).  Petitioner now moves the Court to

22   reconsider Judge Koppe's denial of its Motion to Compel. (Mot. to Reconsider, ECF No. 36).

23

24

25

1  II.    **LEGAL STANDARD**

2        **A. Clear Error Standard of Review**

3        "A district judge may reconsider any pretrial matter referred to a magistrate judge in a

4  civil... case ... where it has been shown that the magistrate judge's ruling is clearly erroneous or

5  contrary to law." LR IB 3–1.  The Court may overturn the magistrate judge's decision if, upon

6  review, the Court is left with a definite and firm conviction that a mistake has been

7  made. *See David H. Tedder & Assocs. v. United States*, 77 F.3d 1166, 1169–70 (9th Cir. 1996).

8        **B. 28 U.S.C. § 1782**

9        In relevant part, 28 U.S.C. § 1782 provides:

10       The district court of the district in which a person resides or is found may order
         him to give his testimony or statement or to produce a document or other thing for
11       use in a proceeding in a foreign or international tribunal . . . [t]he order may be
         made pursuant to a letter rogatory issued, or request made, by a foreign or
12       international tribunal or upon the application of any interested person and may
         direct that the testimony or statement be given, or the document or other thing be
13       produced, before a person appointed by the court.

14

15       Further, "Section 1782 grants district courts wide discretion . . . to tailor such discovery

16  to avoid attendant problems . . . [i]f a district court is concerned that granting discovery under §

17  1782 will engender problems in a particular case, it is well-equipped to determine the scope and

18  duration of that discovery." *Four Pillars Enterprises Co., Ltd. v. Avery Dennison Corp.*, 308

19  F.3d 1075, 1079 (9th Cir. 2002).

20       Aside from the statutory requirements, the United States Supreme Court has provided

21  district courts with following four discretionary factors to weigh when considering whether or

22  not to grant discovery requests pursuant to 28 U.S.C. § 1782: (1) whether the person from

23  whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the

24  foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the

25  foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3)

1   whether the § 1782 request conceals an attempt to circumvent foreign proof-gathering

2   restrictions or other policies of a foreign country or the United States; and (4) whether the

3   request is unduly intrusive or burdensome so as to warrant rejection or trimming. *Intel Corp. v.*

4   *Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–265 (2004).

5   **III.   DISCUSSION**

6   **A. Magistrate Judge's Authority to Hear and Determine Matters under 28 U.S.C. §**

7   **1782**

8   Petitioner contends Judge Koppe did not have statutory authority under 28 U.S.C. § 636

9   to issue an order denying its Motion to Compel because, under 28 U.S.C. § 1782, such an order

10  is dispositive as it denies all of the relief Petitioner seeks from the Court in the current

11  proceeding and, in fact, disposes of the case. (Mot. to Reconsider 17:19–26, ECF No. 36).  In

12  relevant part, 28 U.S.C. § 636(b)(1) provides the following regarding matters not within a

13  magistrate judge's authority to hear and determine:

14      [A] judge may designate a magistrate judge to hear and determine any pretrial
        matter pending before the court, except a motion for injunctive relief, for judgment
15      on the pleadings, for summary judgment, to dismiss or quash an indictment or
        information made by the defendant, to suppress evidence in a criminal case, to
16      dismiss or to permit maintenance of a class action, to dismiss for failure to state a
        claim upon which relief can be granted, and to involuntarily dismiss an action. A
17      judge of the court may reconsider any pretrial matter under this subparagraph (A)
        where it has been shown that the magistrate judge's order is clearly erroneous or
18      contrary to law.
19

20  Additionally, Federal Rule of Civil Procedure 72(a) provides that non-dispositive matters are

21  pre-trial matters which do not dispose of a party's claim or defense.  While Petitioner argues

22  that the Ninth Circuit has definitively decided whether denials of requests brought pursuant to

23  28 U.S.C. § 1782 are dispositive (Mot. to Reconsider, 17:27 –18:23), Judge Koppe correctly

24  acknowledged that the issue does not appear to be settled. (Order Denying Mot. to Compel 4:3–

25  15, ECF No. 35).  However, Judge Koppe further acknowledge that, because 28 U.S.C. § 1782

1    requests are ancillary by their nature, courts generally view these proceedings as non-

2    dispositive matters. (*Id.*).

3           Although Judge Koppe's order did dispose of the Petitioner's matter before this Court, it

4    did not dispose of Petitioner's underlying claims or defenses currently pending in the Dutch

5    Courts.  Accordingly, the Court agrees with Judge Koppe's conclusion that Petitioner's matter

6    before the Court was not dispositive and, at bottom, was a discovery dispute, which was

7    procedural in nature and within Judge Koppe's authority to hear and determine. (*Id.* at 4:16–

8    25).

9           **B. Clear Error Review**

10          Petitioner identifies four instances of alleged clear error in its Motion to Reconsider

11   Judge Koppe's Order Denying Petitioner's Motion to Compel (ECF No. 36).

12          First, Petitioner argues Judge Koppe based her order on a fundamental misunderstanding

13   of Dutch law, and committed clear error in finding the proceeding before the Court was in

14   conflict with the proceeding before the Dutch court it is intended to support. (Mot. to

15   Reconsider 8:17–19, 10:3–5, ECF No. 36).  Second, Petitioner argues it was a clearly erroneous

16   finding of fact that the bailiff in the Dutch proceeding was equivocal as to whether he would

17   accept evidence obtained through this proceeding, and it was also error to find Petitioner served

18   subpoenas upon Respondent in an attempt to circumvent the Dutch court's ruling. (*Id.* at 11:7–

19   18).  Third, Petitioner argues it was clearly erroneous to not credit Macquarie's evidence

20   regarding Dutch law or, alternatively, to not instruct the parties to present further evidence. (*Id.*

21   at 12:7–9).  The Petitioner further states that, disregarding Judge Koppe's "erroneous

22   assumptions regarding Dutch law and erroneous factual conclusions, the analysis which led the

23   Magistrate Judge to deny the Petition collapses and it becomes clear that the four discretionary

24   factors identified by the Supreme Court in *Intel Corporation v. Advanced Micro Devices, Inc.*, .

25   . . support Macquarie's petition." (*Id.* at 12:16–20).  Fourth, and finally, Petitioner argues Judge

1   Koppe's finding is overbroad and rewards Respondent for his failure to participate in good faith

2   in a meet and confer with Petitioner.

3       Despite Petitioner's arguments to the contrary, the Court finds that Judge Koppe's order

4   was not based on a fundamental misunderstanding of Dutch law, but rather on an appropriate

5   analysis of the four discretionary factors the Supreme Court set forth in *Intel v. Advanced*

6   *Micro Devices, Inc.* 542 U.S. at 264–265 (2004).  As evidenced in her Order Denying

7   Petitioner's Motion to Compel (ECF No. 35), Judge Koppe properly considered both parties'

8   briefing and affidavits in support of, and in opposition to, granting Petitioner's discovery

9   request when weighing these discretionary factors.

10      In considering the first *Intel* factor, whether the material is within the foreign tribunal's

11  jurisdictional reach, Judge Koppe determined that, despite Petitioner's concern "that there is

12  'no guarantee' that the bailiff will be successful in obtaining the information he requests," the

13  bailiff was the proper authority to request and collect the information Petitioner sought from

14  Respondent. (Order Denying Mot. to Compel, 9:9–10:9).  In making this determination, Judge

15  Koppe acknowledged Petitioner's concession that an overlap existed between the information

16  Petitioner sought here and the discovery the Amsterdam District Court ordered the bailiff to

17  obtain from Juno. (*Id.* at 9:24–10:1).  Regarding the second *Intel* factor, the nature of the

18  foreign tribunal, the character of the proceedings, and the receptivity to this Court's assistance,

19  Judge Koppe found that the bailiff was equivocal regarding whether he would be receptive to

20  receiving all information Petitioner sought in this proceeding, or whether he would be receptive

21  only to receiving relevant information Petitioner collected from this proceeding. (*Id.* at 11:1–8).

22  Additionally, Petitioner admitted it intended to seek discovery beyond what the bailiff may

23  deem relevant in the Netherlands proceedings. (Mills Letter, Ex. 7 to Mot. to Compel, ECF No.

24  14-8).  In considering the third *Intel* factor, circumvention of proof-gathering restrictions or

25  other policies, Judge Koppe determined that it appeared Petitioner served Respondent its

1  subpoenas in response to the District Court of Amsterdam denying Petitioner's request for

2  discovery and order that the bailiff be tasked with collecting discovery from Juno, but noted

3  that "this factor militates slightly against allowing the discovery sought here" without more

4  evidence. (Order Denying Mot. to Compel, 13:1–7).  With regard to the fourth *Intel* factor, the

5  burden on the Respondent to respond to the discovery request Petitioner seeks, Judge Koppe

6  determined that the scope of discovery the Petitioner sought was overbroad and unduly

7  burdensome, "especially given that the material appears to be in significant part within the

8  jurisdictional reach of the District Court of Amsterdam." (*Id.* at 14: 22–24).

9        While reasonable minds may differ as to the correct outcome of these discretionary

10  factors, the clear error standard of review permits a District Court to overturn a Magistrate

11  Judge's decision only when it is left with a firm and definitive conviction that a mistake has

12  been made. *See David H. Tedders & Assoc.*, 77 F.3d at 1169–70.  Here, Judge Koppe has not

13  gone beyond the bounds of what a reasonable person could determine in weighing the evidence

14  the parties presented.  Accordingly, the Court will not disturb Judge Koppe's findings in this

15  matter.

16  **IV.**    **CONCLUSION**

17        **IT IS HEREBY ORDERED** that Petitioner's Motion for Leave to Supplement Reply

18  (ECF No. 44) is **GRANTED.**

19        **IT IS FURTHER ORDERED** that Petitioner's Motion to Reconsider is **DENIED**.

20        **DATED** this _____17_____ day of November, 2015.

21

22

23

24

25

                     _____

                     Gloria M. Navarro, Chief Judge

1

United States District Court

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25